IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA PENA QUINTANILLA,

    Plaintiff,

vs.                                                               CIVIL NO. 09-00678 KBM/GBW

ANDREW MARIO HERNANDEZ,

    Defendant.

**UNITED STATES OF AMERICA'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

The United States of America, the proper party defendant in this action pursuant to 28 U.S.C. § 2679(d)(2), respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) or, in the alternative, Motion for Summary Judgment Pursuant to FED. R. CIV. P. 56. It is the United States' position that this Court lacks subject matter jurisdiction over Plaintiff's Complaint for Personal Injury ("Complaint") [Doc. No. 1, Exhibit 2] and causes of action or, in the alternative, the United States is entitled to summary judgment as a matter of law.

**STATEMENT OF THE CASE**

On March 31, 2009, Plaintiff filed a Complaint for Personal Injury in the Sixth Judicial District Court, County of Luna, State of New Mexico, alleging that Defendant Andrew Mario Hernandez negligently operated a vehicle owned by the United States in which Plaintiff was a passenger. Both Quintanilla and Hernandez were U. S. Border Patrol Agents at the time of the accident. On July 13, 2009, pursuant to 28 U.S.C. §§ 1441(a) and 2679(d)(2), the United States removed the action from State Court to the

United States District Court for the District of New Mexico, and certified that Defendant Andrew Mario Hernandez was acting within the scope of his Federal employment at the time of the incident giving rise to the suit. An Answer [Doc. No. 5] was filed on July 17, 2009. Plaintiff has filed an action asserting injuries as a result of the act or omission of a federal employee. As such, this is an action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*.

## STATEMENT OF UNCONTROVERTED MATERIAL FACTS

The United States submits that there are no genuine issues as to any of the material facts set forth below which are germane to its Motion for Summary Judgment. The evidence supporting these facts is contained in the Exhibits attached hereto or pleadings on file herein.

1. Plaintiff Brenda Pena Quintanilla was employed by the United States Border Patrol as an Agent working in New Mexico at the time of the incident which is the subject of this lawsuit. Complaint ¶ 6.

2. Andrew Mario Hernandez was employed by the United States Border Patrol as an Agent (Intern) working in New Mexico at the time of the incident which is the subject of this lawsuit. Complaint ¶ 7.

3. Agent Quintanilla was the journeyman supervisor of Agent Hernandez. *Id*.

4. At approximately 9:00 a.m., on September 30, 2006, Agents Quintanilla and Hernandez were assigned to work force protection on the day shift and were riding in a Ford F-250 pickup truck owned by the United States. Complaint ¶ 6.

5. Agent Hernandez was driving the truck and Agent Quintanilla was the passenger. Complaint ¶ 8.

6. The vehicle exited off of I-10 near Akela, New Mexico and headed south. Agent Quintanilla instructed Agent Hernandez to proceed south to look for a vehicle in the area reportedly carrying illegal aliens. Complaint ¶ 13.

7. After the vehicle turned onto a dirt road, it began fish-tailing toward the north side of the road and Agent Hernandez applied the brakes and turned towards the south side of the road causing the truck to go into a side slide and then roll over several times. Complaint ¶ 19.

8. Both Agent Quintanilla and Agent Hernandez were injured in the accident. Complaint ¶ 20.

9. Agent Quintanilla was injured within the course of her employment and filed the appropriate documentation with the U. S. Border Patrol, El Paso Sector's Office of Worker's Compensation Programs. Declaration of Belinda M. Callejo, Mission Support Specialist, Customs and Border Protection, United States Border Patrol, El Paso Sector, Office of Workers' Compensation, Exhibit A attached hereto.

10. The Secretary of the Department of Labor, who administers the federal government's workers' compensation program, determined that Agent Quintanilla was injured in the scope of her employment and is covered by the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101-8152. Exhibit A.

11. On September 18, 2008, Agent Quintanilla, through her attorneys Clay H. Paulos and Ian D. McKelvy, filed a Claim for Damage, Injury, or Death, SF-95, with the U. S. Customs and Border Protection in the amount of $5,000,000.00 for personal

injuries sustained during the accident on September 30, 2006, claiming that a Federal employee, Andrew Hernandez negligently drove the government vehicle. Claim for Damage, Injury, or Death, SF-95 attached hereto as Exhibit B.

12. On September 25, 2008, Agent Quintanilla's attorney, Clay H. Paulos, was notified in writing, by a letter signed by Mark Hannig for Robert H. Humphries, Assistant Chief Counsel for the U. S. Customs and Border Protection, that Agent Quintanilla's exclusive remedy for compensation for her claim for damages was FECA, not the Federal Tort Claims Act. Mr. Paulos was informed that Agent Quintanilla had filed with the U. S. Border Patrol, El Paso Sector's Office of Worker's Compensation Programs. The Department of Labor, which administers the federal government's workers' compensation program, determined that FECA applied and paid and continues to pay Agent Quintanilla workers' compensation benefits. Letter dated September 25, 2008 signed by Mark Hannig for Robert H. Humphries, Assistant Chief counsel, to Clay H. Paulos, Sanders, Bruin, Coll & Worley, P.A., attached hereto as Exhibit C.

## **LAW REGARDING MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT**

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. V. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)(quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)). When making a Rule 12(b)(1) motion, a party may go beyond the allegations in the complaint to challenge the facts upon which jurisdiction depends by relying on affidavits or other

evidence properly before the court.  New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  A court's reference to evidence outside the pleadings does not necessarily convert the motion to a Rule 56 motion.  Holt, 46 F.3d at 1003.  Where, however, the court determines that jurisdictional issues raised in a Rule 12(b)(1) motion are intertwined with the case's merits, the court should resolve the motion under either Rule 12(b)(6) or Rule 56.  See Franklin Sav. Corp. v. United States, 180 F.3d 1124, 1129 (10th Cir. 1999), cert. denied, 528 U.S. 964 (1999); Tippett v. United States, 108 F.3d 1194, 1196 (10th Cir. 1997).

Summary judgment under Rule 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Thrasher v. B&B Chem. Co., 2 F.3d 995, 996 (10th Cir. 1993); Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991).  It is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1).  The movant bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case.  Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  Once the movant meets this burden, Rule 56(e) requires the nonmoving party to designate specific facts showing that there is a genuine issue for trial.  Celotex, 477 US.

at 324. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial. See Celotex, 477 U.S. at 322-23; Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).

## ARGUMENT

### This Court Lacks Subject Matter Jurisdiction Because FECA Is Plaintiff's Exclusive Remedy

FECA, 5 U.S.C. §§ 8101-8193, is a workers' compensation plan for federal government employees. 5 U.S.C. § 8112; 20 C.F.R. § 10.0. As the statute states:

> The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is -
>
> (1) caused by willful misconduct of the employee;
>
> (2) caused by the employee's intention to bring about the injury or death of himself or of another; or
>
> (3) proximately caused by the intoxication of the injured employee.

5 U.S.C. § 8102(a). It does not matter if the injury was caused by an intentional or negligent act of third party. Farley v. United States, 162 F.3d 613, 616 n. 3 (10th Cir. 1998). The Secretary of Labor evaluates and determines claims under FECA. Where the Secretary determines that the employee sustained an injury in the performance of his duty, the employee is awarded immediate, fixed benefits, regardless of fault. The

6

Secretary's determination is final and may not be reviewed by a federal court. 5 U.S.C. § 8128(b).

FECA is the exclusive remedy for a federal employee's injuries if those injuries are within the statute's coverage. Section 8116(c) states:

> **The liability of the United States** . . . with respect to the injury or death of an employee **is exclusive and instead of all other liability of the United States** . . . to the employee, . . . otherwise entitled to recover damages from the United States . . . because of the injury or death in a direct judicial proceeding, in a civil action, . . . or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

(Emphasis added.) The FECA was designed to protect the government from suit under statutes such as the FTCA by providing a compensation mechanism for federal employees "regardless of fault and without need for litigation, but in turn they lose the right to sue the Government." Miller v. V.A. Med. Ctr., 12 F. App'x 766, 768 (10th Cir. 2001), No. 00-7112, 2001 WL 428012, at *1 (10th Cir. April 26, 2001) quoting Lockheed Aircraft Corp. V. United States, 460 U.S. 190, 193-94 (1983). FECA is intended to serve as a substitute rather than a supplement for a tort action because FECA is intended to provide a quicker and more certain recovery than could be obtained from tort suits based on common law theories.

If a federal employee is injured in the course of his employment, the court lacks subject matter jurisdiction over any claim brought under the FTCA. 5 U.S.C. § 8116(c); see also SW Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1992) ("[T]he courts have no jurisdiction over FTCA claims where the Secretary of Labor determines that FECA applies."); Lockheed Aircraft Corp, 460 U.S. at 193-94 (noting FECA's exclusive-liability provision guarantees employees "the right to receive immediate, fixed benefits,

7

regardless of fault and without need for litigation, but in return they lose the right to sue the Government.") In other words, if compensation is available under FECA, all other statutory remedies for claims arising under the same facts are preempted. Moe v. United States, 326 F.3d 1065, 1068 (9th Cir. 2003). A Federal court lacks subject matter jurisdiction over claims covered by FECA. See, 5 U.S.C. § 8128(b); see also, Gizoni, 502 U.S. at 90; Tippetts v. United States, 308 F.3d 1091, 1094 (10th Cir. 2002); Swafford v. United States, 998 F.2d 837, 839 (10th Cir. 1993) (citing Cobia v. United States, 384 F.2d 711, 712 (10th Cir. 1967).

Shortly after the accident on September 30, 2006, Agent Quintanilla applied to the United States Department of Labor for workers' compensation benefits pertaining to the injuries she suffered in the accident. Exhibit A. The Department of Labor determined that she had been injured in an on-the-job accident and awarded workers' compensation benefits. Exhibit A. Agent Quintanilla has been compensated in accordance with FECA rules and regulations for all lost wages incurred as a result of her injury. Exhibit A. The remedies provided to Agent Quintanilla under FECA are exclusive and her Complaint and cause of action pursuant to the FTCA against the United States is foreclosed. Her claim for damages must be dismissed because this Court is without jurisdiction to consider the merits of Agent Quintanilla's complaint and causes of action.

## CONCLUSION

For the reasons set out above, the United States respectfully requests that this Court issue its Order either dismissing the above-captioned matter pursuant to FED. R.

CIV. P. 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, enter its Order granting summary judgment to the United States as a matter of law.

Respectfully submitted,

GREGORY J. FOURATT
United States Attorney

***Filed electronically 8-17-09***
***/s/ Jan Elizabeth Mitchell***
JAN ELIZABETH MITCHELL
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274
E-mail: jan.mitchell@usdoj.gov

I HEREBY CERTIFY that on August 17, 2009, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Clay H. Paulos, Attorney for Plaintiff at E-mail: chpaulos@sbcw-law.com
Ian D. McKelvy, Attorney for Plaintiff at E-mail; idmckelvy@sbcw-law.com
mma@sbcw-law.com

*/s/*
JAN ELIZABETH MITCHELL
Assistant U. S. Attorney

N:\JMitchell\Quintanilla\memorandum to dismiss.wpd