## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**BRENDA PENA QUINTANILLA**

     **Plaintiff,**

**vs.**                               **CIVIL NO. 09-00678 KBM/GBW**

**ANDREW MARIO HERNANDEZ**

     **Defendant.**

### PLAINTIFF BRENDA PENA QUINTANILLA'S RESPONSE IN OPPOSITION TO UNITED STATES OF AMERICA'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1) OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56, AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW Plaintiff, Brenda Pena Quintanilla, by and through her attorneys of record, Sanders, Bruin, Coll & Worley, (Clay H. Paulos and Ian D. McKelvy) and hereby submits this response in opposition to the United States of America's Motion to Dismiss or for Summary Judgment. The United States of America, on behalf of Andrew Mario Hernandez, has moved this Court to dismiss for lack of subject-matter jurisdiction, contending that Andrew Mario Hernandez was acting in the course and scope of his employment, which Plaintiff factually asserts and legally incorrect. In further opposition, Plaintiff states as follows:

### I. INTRODUCTION

United States of America filed a Notice of Removal of Action to this Court of the civil action commenced in the Sixth Judicial District Court, County of Luna, State of New Mexico, Cause No. CV-2009-95. (Doc. 1). The U.S. Attorney certified that Andrew Mario Hernandez was acting in the course and scope of his employment, pursuant to 28 U.S.C. § 2679(d)(2). This certification,

however, is not dispositive of the issue.   Plaintiff is filing concurrently herewith a Motion to Strike the Certification.

## II.  ARGUMENT

**A.**   ***Standard for reviewing a motion to dismiss***

The Tenth Circuit as recognized that Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction typically take two forms. *See, Holt v. U.S.*, 46 F.3d 1000, 1002-3 (10th Cir. 1995). In the first form, defendants make facial attack on the complaint's allegations as to subject matter jurisdiction and question the sufficiency of the complaint. *Id.* at 1002 (citing, *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.*

If a party goes beyond allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's factual allegations. *Id.* at 1003.   A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *Id.* (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d 320; *Wheeler v. Hurdman,* 825 F.2d 257, 259 n. 5 (10th Cir.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987)). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. *Wheeler,* 825 F.2d at 259 n. 5.   However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. *Id.* (citing, *Wheeler* at 259; *see also Redmon v. United States,* 934 F.2d 1151, 1155 (10th Cir.1991)).

**B.   *Hernandez's conduct was not within his course and scope of employment.***

Hernandez was outside his course and scope of employment at the time of the incident. Plaintiff has already alleged in her Complaint that Andrew Mario Hernandez was acting outside the course and scope of his employment in defiance of a direct order, and was on a frolic and detour at the time of the incident.  While the U.S. Attorney's office has certified that Defendant Andrew Mario Hernandez was acting in his course and scope of his employment, pursuant to 28 U.S.C. § 2679(d)(2), the conclusiveness of that certification only creates a rebuttable presumption. "Certification carries a rebuttable presumption that the employee has absolute immunity from the lawsuit and that the United States is to be substituted as the Defendant." *Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir.2008) *cert. denied* 129 S.Ct. 2825 (2009)(citing U.S.C. § 2679(d)(other citations omitted).

To determine whether an employee was acting within the course and scope of his employment, the courts are required to apply the *respondeat superior* law of the state in which the alleged tort occurred. *Id.* at 711; see also, *Henderson v. U.S.*, 429 F.2d 588 (10th Cir. 1970).  Under New Mexico law, there is a four part test to determine whether an employee's acts were performed within the scope of employment. *Lessard v. Coronado Paint and Decorating Center, Inc.*, 2007-NMCA-122, ¶ 12, 142 NM 583.  New Mexico "has rejected the use of any bright-line test for determining whether an employee was acting within the scope of his employment." *Id.* at ¶ 11 (citation omitted). Determining the scope of employment question, is typically a question of fact for the jury. *Id.* (citations omitted).  An act of an employee is not within his scope of employment if it arose "entirely from some external, independent and personal motive on the part of the employee." *Id.* at ¶ 12 (citing, UJI 13-407 NMRA; See also *Childers v. S. Pac. Co.,* 20 N.M. 366, 372-73, 149

3

P. 307-308 (1915)).

The United States Motion to Dismiss is based entirely on the premise that Plaintiff's Complaint is against the United States based on its certification of scope of employment. The United States argues that because Plaintiff's injuries occurred within the course and scope of her employment, her exclusive remedy is provided under the FECA. Plaintiff does not dispute that her injuries occurred in the course and scope of her employment, and does not dispute that she has made a valid claim in accordance with FECA rules. That is the very reason why she did not file suit against the United States in Federal Court, but chose instead to sue Andrew Mario Hernandez as the correct and proper defendant for his actions that occurred outside the course and scope of his employment. The allegations of the Plaintiff's Complaint should be taken as true for purposes of a the facial attack contained in the Motion to Dismiss.

Under these allegations, Defendant Andrew Mario Hernandez acted in contravention of direct orders of his superior, and intentionally and recklessly began to "hot dog" in driving the vehicle and began driving in an excessive rate of speed. (Complaint, ¶ 14). He turned aside from the course and scope of his employment and engaged in a frolic and detour. (Complaint, ¶15, 16). Defendant was also alleged to have turned aside in contravention of his orders solely from an independent and personal motive of trying to impress the Plaintiff, whose affections he been trying to gain. (Complaint, ¶ 17, 18). Taking these facts as true, Defendant Andrew Mario Hernandez was acting outside the scope of his employment, and this Court did not have jurisdiction for removal. Even if the Court were to consider the affidavits, it is clear that Hernandez was not acting in his course and scope, but was independently motivated in undertaking the action he did in derogation of direct orders of his superior, who was at all material times an agent for the United States Border Patrol.

4

Plaintiff is filing concurrently herewith a Motion to Strike the certification of the Attorney General, and a Motion to Remand for Lack of Subject Matter Jurisdiction which are incorporated fully herein by reference.

WHEREFORE, Plaintiff requests this Court for an Order denying the United States of America's Motion to Dismiss in it's entirety, together with such other and further relief as the Court deems just and proper.

Respectfully Submitted,

SANDERS, BRUIN, COLL & WORLEY, P.A.

By: _____
     Ian D. McKelvy
     Clay H. Paulos
     Post Office Box 550
     Roswell, New Mexico 88202-0550
     Telephone: (575) 622-5440
     Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**
I do hereby certify that on the 3rd day of
September, 2009 a true and correct copy
of the foregoing pleading was sent via
the CM/ECF electronic filing system to:

Jan Elizabeth Mitchell
jan.mitchell@usdoj.gov

_____
Ian D. McKelvy

5