## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BRENDA PENA QUINTANILLA,

     Plaintiff,

vs.                                                                      CIVIL NO. 09-00678 KBM/GBW

UNITED STATES OF AMERICA,

     Defendant.

### DEFENDANT'S REPLY TO PLAINTIFF BRENDA PENA QUINTANILLA'S RESPONSE IN OPPOSITION TO UNITED STATES OF AMERICA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56, AND MEMORANDUM OF LAW IN SUPPORT THEREOF (Doc. No. 13)

     In Plaintiff Brenda Pena Quintanilla's Response in Opposition to United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(1) or, in the alternative, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Memorandum of Law in Support Thereof (hereinafter "Response"), Plaintiff concedes that her injuries occurred in the course and scope of her employment, and does not dispute that she has made a valid claim in accordance with the Federal Employees Compensation Act (FECA).  Response at 4.  Further, she admits that she did not file suit against the United States because FECA is her exclusive remedy.  She contends, however, that she chose to sue Andrew Hernandez as the proper defendant, asserting that his allegedly negligent actions occurred outside the course and scope of his employment.

     It is Defendant's position that Plaintiff's Complaint for Personal Injury ("Complaint") and causes of action against Andrew Hernandez set out allegations of negligence which factually and legally relate to actions within the scope of his

employment with the United States Border Patrol.  As such, the United States is the

only proper party defendant, FECA is Plaintiff's exclusive remedy, and Plaintiff's

Complaint must be dismissed.

## ARGUMENT

To avoid overly repetitious and duplicative arguments, in accordance with

D.N.M.LR-Civ. 7.1(a), Defendant adopts by reference and respectfully refers this Court

to Docket No. 16, Defendant's Response to Plaintiff's Motion to Strike U. S. Attorney's

Certification, at pages 3-12, filed on September 24, 2009.

I.      Plaintiff's Allegations In Her Complaint Should Not Be Taken As
        True For Purposes Of Scope of Employment Determination

Plaintiff contends that "the allegations of the Plaintiff's Complaint should be taken

as true for purposes of a [sic] the facial attack contained in the Motion to Dismiss."

Response at 4.  This contention is not supported by the relevant case law.   The ability

to remove a suit to federal court under the Westfall Act, 28 U.S.C. § 2679(d)(2), is not

controlled by a plaintiff's allegations.  For purposes of removal under § 2679(d)(2),

neither the defendant nor the court is required to accept the truth of the plaintiff's

allegations contained in her Complaint.  Osborn v. Haley, 549 U.S. 225, 250 (2007).

Specifically, Agent Hernandez and the Government are not required to accept as

true Plaintiff's allegations that Agent Hernandez "intentionally and recklessly" began to

"hot dog" in driving the vehicle, "turned aside from the course and scope of his

employment and engaged in a frolic and detour," and tried "to impress the Plaintiff,

whose affections he [had] been trying to gain."  Response at 4, referencing Plaintiff's

Complaint ¶¶ 14-18.  The Government and Agent Hernandez have the opportunity to

2

present to the Court their factual bases for asserting that Agent Hernandez was acting within the scope of his employment as a Border Patrol Agent at the time of the accident. When Westfall Act immunity is in dispute, it is for the Court to decide who the proper defendant is: the named federal employee, or the United States. *Id.* at 253, n18.

II.     Agent Hernandez Was Acting Within The Scope Of His Employment

In New Mexico, an employee's acts are within the scope of employment if the act "was something fairly and naturally incidental to the employer's business assigned to the employee," and the act "was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee."  Cain v. Champion Window Co. of Albuquerque, 142 N.M. 209, 213, 164 P.3d 90, 94 (N.M. Ct. App. 2007) (citing UJI 13-407 NMRA).

The course and scope of employment are determined with reference to the "time, place, and circumstances under which the injury occurred."  Ovecka v. Burlington Northern Santa Fe Railway Co., 145 N.M. 113, 118, 194 P.3d 728, 733 (Ct. App. 2008) citing Ramirez v. Dawson Prod. Partners, Inc., 128 N.M. 601, 995 P. 2d 1043 (Ct. App. 2000).  Agent Hernandez and Plaintiff were both on duty at the time of the accident. They were in a Border Patrol vehicle, assigned to patrol a particular area.  They were pursinging suspect illegal alien smugglers when the vehicle began to fishtail and overturned.  Exhibits D and E to Defendant's Response to Plaintiff's Motion to Strike U. S. Attorney's Certificate, Doc No. 16.  It is indisputable that the accident occurred while Agent Hernandez was engaged in an act that was "naturally incidental to the employer's business assigned to the employee, . . . done while the employee was engaged in the

3

employer's business with the view of furthering the employer's interest[,] and did not arise *entirely from some external, independent and personal motive on the part of the employee."* (Emphasis added.)  <u>Ovecka</u>, 145 N.M. at 119, 194 P.3d at 734, quoting UJI 13-407 NMRA.  The course of Agent Hernandez's conduct was under the Border Patrol's control and not undertaken as an independent "course of conduct not intended by [him] to serve any purpose of the employer."  *Id.*, quoting Restatement (Third) of Agency § 7.07(2) (2006).  It is extraordinarily difficult, if not impossible, to imagine what frolic of his own Agent Hernandez could have been on in the middle of the desert patrolling the United States border.  To reach any conclusion other than determining that Agent Hernandez was acting within the scope of his employment at the time of the accident, requires a tortured and erroneous analysis of the facts.

## CONCLUSION

For the reasons stated herein, Defendant respectfully requests that the Court find that Agent Hernandez was acting within the scope of his employment at the time of the accident, find that Plaintiff's exclusive remedy is under the Federal Employees Compensation Act, and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

GREGORY J. FOURATT
United States Attorney

<u>Filed Electronically September 24, 2009</u>
JAN ELIZABETH MITCHELL
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
jan.mitchell@usdoj.gov

I HEREBY CERTIFY that on September 24, 2009, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Ian D. McKelvy, Attorney for Defendant, Email: idmckelvy@sbcw-law.com
Clay Paulos, Attorney for Defendant, Email: chpaulos@sbcw-law.com

      /s _____
JAN ELIZABETH MITCHELL
Assistant U.S. Attorney

N:\JMitchell\Quintanilla\reply to response to motion to dismiss.wpd