IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA PENA QUINTANILLA,

    Plaintiff,

vs.                                                CIV 09-0678 KBM/GBW

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant United States' Motion to Dismiss pursuant to 12(b)(1), or, in the alternative, Motion for Summary Judgment, Plaintiff's Motion to Strike, and Plaintiff's Motion to Remand. *Docs. 9, 12, 14.* Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *Docs. 3, 8.* Having carefully reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities, I find that Plaintiff's Motion to Strike should be DENIED, Plaintiff's Motion to Remand should be DENIED, and Defendant's Motion to Dismiss should be GRANTED.

*I. Factual and Procedural Background*

On September 30, 2006, Plaintiff Brenda Pena Quintanilla (Agent Quintanilla) was employed by the United States Border Patrol and working in New Mexico. She was a journeyman supervisor of Andrew Mario Hernandez (Agent Hernandez), who was also employed by the United States Border Patrol. On September 30, 2006, Agents Quintanilla and Hernandez were assigned to work force protection on the day shift. They were riding together in a 2005

Ford F-250 pickup truck owned by the United States.  Agent Hernandez was driving the truck. The truck exited off of I-10 near Akela, New Mexico.  Agent Quintanilla instructed Agent Hernandez to proceed south to look for a vehicle in the area reportedly carrying illegal aliens. After instead turning east onto a dirt road, the vehicle began to fishtail toward the north side of the road.  In an attempt to correct and stop the vehicle, Agent Hernandez applied the brakes and turned toward the south side of the road.  This action caused the truck to begin sliding, and it subsequently rolled over several times until it came to a rest.  Both Agents Quintanilla and Hernandez were injured in the accident.

After the accident, Agent Quintanilla filed the appropriate documentation with the U.S. Border Patrol, El Paso Sector, Office of Workers' Compensation.  The Secretary of the Department of Labor has the exclusive authority to administer the federal government's workers' compensation program and to decide all questions arising under the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101-8152.  The Secretary of the Department of Labor determined that Agent Quintanilla was injured in the scope of her employment, and, on October 17, 2006, notified Agent Quintanilla that her claim for workers' compensation was accepted and she was covered by FECA.  Agent Quintanilla began receiving, and continues to receive, workers' compensation benefits through FECA.

On September 18, 2008, Plaintiff filed a "Claim for Damage, Injury, or Death, Standard Form 95" with the U.S. Customs and Border Protection Agency pursuant to 28 U.S.C. § 2401. That claim was brought under the Federal Tort Claims Act ("FTCA") which provides a waiver of sovereign immunity for injuries "caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment*, under

circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (emphasis added). Plaintiff sought $5,000,000 for personal injuries sustained in the September 30, 2006 accident and alleged negligence on the part of Border Patrol Agent Hernandez. On September 25, 2008, Assistant Chief Counsel for the U.S. Customs and Border Protection notified Plaintiff that since she was injured in the course and scope of her employment, her exclusive remedy for compensation was FECA.

Only after that notification did Plaintiff seek to hold Hernandez personally liable for her injuries under New Mexico state tort law. Originally, Plaintiff filed this lawsuit in state court on March 31, 2009. On July 13, 2009, the United States filed a Notice of Removal pursuant to 28 U.S.C. § 2679(d)(2). *Doc. 1*. On July 14, 2009, the United States filed a Certification and Motion for Substitution of the United States of America as the Only Proper Party Defendant with Respect to Plaintiff's Common Law Tort Claims Against Defendant Hernandez. *Doc. 4*. On September 1, 2009, this Court, noting no objection from the Plaintiff, substituted the United States as the Defendant in place of Hernandez and, as to Defendant Hernandez, dismissed Plaintiff's Complaint with prejudice. *Doc. 11.*

In this action, Plaintiff now alleges that contrary to her instructions and with hopes of impressing her, Agent Hernandez began to "hot dog" and drive at excessive speeds, thus causing the accident. Plaintiff contends that these actions constitute a "frolic and detour" and therefore lie outside the course and scope of his employment. *Doc. 7, Attachment 1*. The present motions for my consideration focus on a single key issue: was Agent Hernandez was acting within the course and scope of his employment at the time of the accident?

## II. Analysis

### A. *Plaintiff's Motion to Strike and Motion to Remand*

As an initial matter, Defendant questions the timeliness of the motions. Again, having reviewed the United States Attorney's Certification[1] and noting that no timely response had been filed in opposition to the motion, the Court permitted substitution and dismissed Plaintiff's Complaint with prejudice as to Defendant Hernandez. *Doc. 11.* Just two days later on September 3, 2009, Plaintiff filed her Motion to Strike the Certification. If viewed as a belated response in opposition to the motion to substitute, it is more than a little late coming fifty-one (51) days after the United States filed its Motion for Substitution. *See* D.N.M.LR-Civ 7.4(a) (fourteen calendar day requirement for filing response). As such, Plaintiff has made an untimely attempt to oppose the certification and substitution.[2] Moreover, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Yet even when addressing the motion to strike on its merits, it still fails.

The Federal Employees Liability Reform and Tort Compensation Act, also referred to as the Westfall Act, gives federal employees absolute immunity from common-law tort claims arising out of acts undertaken in the course of their official duties. *See* 28 U.S.C. § 2679(b)(1). "When a federal employee is sued for wrongful or negligent conduct, the Act empowers the

---

[1] The United States Attorney General has vested such authority in each of the districts' United States Attorneys. *See* 28 C.F.R. § 15.3.

[2] In her Motion to Strike, Plaintiff argues that the U.S. Attorney's certification only creates a rebuttable presumption and cites to cites to *Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir. 2008). While the certification is indeed reviewable, it appears that Plaintiff failed to timely rebut the presumption.

4

Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Osborn v. Haley*, 549 U.S. 225, 229-30 (2007) (quoting § 2679(d)(1), (2)). Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. *Id.* The litigation is thereafter governed by the Federal Tort Claims Act (FTCA). *Id.*

In her Motion to Strike the Certification, Plaintiff argues that Agent Hernandez was acting outside the course and scope of employment in defiance of a direct order. In *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995), the Supreme Court held that Attorney General's scope-of-employment certifications under the Westfall Act are subject to judicial review. "The statute is fairly construed to allow petitioners to present to the District Court their objections to the Attorney General's scope-of-employment certification." *Id.* at 437. However, substitution of the United States as defendant in accordance with § 2679(d)(2) is not improper simply because the facts are in dispute. *Osborn*, 549 U.S. at 231. "The United States, we hold, must remain the federal defendant in the action unless and until the District Court determines that the employee, ___in fact___, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." *Id.* (emphasis in original).

Whether Agent Hernandez was acting within the scope of his employment at the time of the accident is governed by New Mexico law. *See Henderson v. United States*, 429 F.2d 588, 590 (10th Cir. 1970); *Williams v. United States*, 350 U.S. 857 (1955); *Platis v. United States*, 409 F.2d 1009 (10th Cir. 1969). Generally, scope of employment is a question of fact. However, "in situations where the activity is so clearly within or without the scope of employment that

reasonable minds cannot differ, it lies within the prerogative of the trial judge to decide the issue as a matter of law." *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995) (quoting *Clover v. Snowbird Ski Resort*, 808 P.2d 1037, 1040 (Utah 1991); *see also Garcia v. Sam Tanksley*, 708 F.2d 519 (10th Cir. 1983); *Scott v. McWood Corp.*, 487 P.2d 478, 481 (1971) ("Under New Mexico law, the question whether an act is so different from authorized activity that it falls outside the scope of employment is one to be decided by the jury unless the answer is clear as a matter of law").

An act of an employee is within the scope of employment if: "(1) It was something fairly and naturally incidental to the employer's business assigned to the employee," and "(2) It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee." *Cain v. Champion Window Co. Of Albuquerque, LLC*, 164 P.3d 90, 94 (N.M. Ct. App. 2007) (citing UJI 13-407 NMRA). In determining scope of employment, New Mexico has recognized that various considerations or factors may be pertinent. *Narney v. Daniels*, 846 P.2d 347, 355 (N.M. Ct. App. 1992). Under a four-part test adopted by the New Mexico Court of Appeals in *Narney*, even when an employee's action is unauthorized, it is considered to be in the scope of employment if the action: (1) is the kind the employee is employed to perform; (2) occurs during a period reasonably connected to the authorized employment period; (3) occurs in an area reasonably close to the authorized area, and (4) is actuated, at least in part, by a purpose to serve the employer. *Id.*

Under the four-part test set out in *Narney*, Agent Hernandez was clearly acting within the scope of his employment at the time of the accident in question. The first element in *Narney*

is satisfied because Agent Hernandez was performing a function for which he was employed to perform. It is undisputed that on the morning of September 30, 2006, Agent Hernandez was on-duty as an Agent with the U.S. Customs and Border Protection. He was assigned to Patrol West in the Akela Flats vicinity. Agent Hernandez was instructed by the Plaintiff, his supervisor, to drive the Border Patrol vehicle and look for illegal aliens. Plaintiff and Agent Hernandez were on-duty in the Border Patrol vehicle at the time the accident occurred. For these same reasons, the second element in *Narney* is satisfied. Simply put, the accident occurred during the authorized employment period. The third element in *Narney* is satisfied because Plaintiff herself alleges that she instructed Agent Hernandez to drive the vehicle to familiarize himself with the area. Even if Agent Hernandez had driven the truck east, instead of south, Plaintiff and Agent Hernandez were still in the area in which they were assigned to patrol at the time of the accident. The fourth element in *Narney* is also satisfied because at the direction of his employer, the United States Customs and Border Protection, Agent Hernandez was driving the Border Patrol truck to look for another vehicle reportedly carrying illegal aliens. As to Plaintiff's speculation that Agent Hernandez "appeared to be acting from the sole independent and personal motive of trying to impress me," *Doc. 12*, Exh. 1 at ¶13, it is just that – speculation, not evidence.

As such, the Court concludes as a matter of law that Agent Hernandez was acting within the scope of his employment at the time in question. Certification by the U.S. Attorney was appropriate, the United States was properly substituted as the Defendant, and, therefore, a remand is not warranted.[3]

---

[3] Even if this Court were to find that Agent Hernandez was acting outside the scope of his employment remand would not be appropriate. "On the jurisdictional issues, we hold that the Attorney

### B. *Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1)*

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction usually take two forms. *Holt v. United States*, 46 F.3d 1000, 1002-3 (10th Cir. 1995). "[A] facial attack on the complaint's allegations as to subject-matter jurisdiction questions the sufficiency of the complaint." *Id.*; *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Under this form, a district court must accept the allegations in the complaint as true. *Id.* Alternatively, a party may challenge the facts upon which subject-matter jurisdiction depends. *Id.* When reviewing a factual attack on subject-matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id.* Affidavits, other documents, and a limited evidentiary hearing are allowed at the discretion of a court to resolve disputed jurisdictional facts under Rule 12(b)(1). *Id.*; *Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987). A court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. *Id.* On the other hand, a Rule 12(b)(1) motion to dismiss is converted to a Rule 12(b)(6) motion or Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. *See id.*; *see also Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991). If subject-matter jurisdiction is dependent on the same statute which provides the substantive claim in the case, then the jurisdictional question is intertwined with the merits of the case. *Id.*; *Wheeler*, 825 F.2d at 259.

---

General's certification is conclusive for purposes of removal, i.e., once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." *Osborn*, 549 U.S. at 231.

The United States argues that the Court lacks subject-matter jurisdiction over this cause of action because FECA is Plaintiff's exclusive remedy. The Court agrees. FECA addresses work-related injuries of federal employees. *Farley v. United States*, 162 F.3d 613, 615 (10th Cir. 1998). It covers claims "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." *Id.* (quoting 5 U.S.C. § 8102(a)). An injury occurs "in the performance of duty" it if arises out of and in the course of employment. *Id.* (quoting *Tarver v. United States*, 25 F.3d 900, 902 (10th Cir. 1994)). The remedies provided by FECA are exclusive and "instead of all other liability of the United States . . . in a civil action . . . or under a Federal tort liability statute." *Farley*, 162 F.3d at 615 (quoting 5 U.S.C. § 8173).

"FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 79, 91 (1991) (quoting *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 780, and n. 13 (1985)). Once the Secretary of Labor makes the determination that FECA applies, the courts have *no jurisdiction* over FTCA claims. *See Southwest Marine, Inc.*, 502 U.S. at 91 (emphasis added).[4]

It is undisputed that shortly after the accident and prior to filing this lawsuit, Agent Quintanilla applied for workers' compensation benefits with the Department of Labor and was approved. *Doc. 10, Ex. A.* She has been compensated in accordance with FECA rules and

---

[4] Claims under FECA raise two questions: (1) is the injury within the scope of FECA, and (2) under the facts of the case, is a plaintiff entitled to compensation. *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003). Whether the plaintiff is entitled to compensation is answered by the Secretary of Labor. *Id.* Scope, however, is a question of jurisdiction and, is therefore, to be answered by the federal courts. *Id.* "If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction." *Id.*

regulations and continues to receive benefits under FECA.  *Id.*  This Court has determined as a matter of law, that Agent Hernandez was acting within the scope of his employment and, therefore, the United States was properly substituted as the defendant.  Because FECA applies to Agent Quintanilla's injuries, a tort action against the United States regarding those same injuries is preempted and, as such, the Court lacks jurisdiction to hear the case.  *Farley*, 162 F.3d at 615; *see also Southwest Marine, Inc.*, 502 U.S. 81, 90 (1991) ("[T]he courts have no jurisdiction over FTCA claims where . . . FECA applies."); *Swafford v. United States*, 998 F.2d 837, 839-40 (10th Cir. 1993).  Plaintiff's exclusive remedy for her injuries lies under FECA and this Court is without jurisdiction to hear her claims.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike *(Doc. 12)* and Plaintiff's Motion to Remand *(Doc. 14)* are **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject-matter jurisdiction *(Doc. 9)* is **granted**.  A Rule 58 final order of dismissal will be entered concurrently with this opinion.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent